UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELVIS MOTA,

                Petitioner,

-against-

UNITED STATES of AMERICA,

                Respondent.

---

No. 09 Civ. 5189 (RJS)
ORDER

USDSY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/30/09

RICHARD J. SULLIVAN, District Judge:

This case was commenced on April 22, 2009, when Petitioner filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. However, because Petitioner challenged the legality of his conviction, the Court found that this pleading should be construed as a motion under 28 U.S.C. § 2255. By order dated June 25, 2009, Petitioner was given sixty days to submit either (1) an affirmation stating that he seeks to withdraw this action, (2) an affirmation confirming his desire to pursue this matter as a 28 U.S.C. § 2255 motion and showing cause why the petition is not time-barred, or (3) an amended pleading pursuant to § 2255. Petitioner was instructed that if he did not comply with the order, his action would be dismissed as time-barred.

Notwithstanding Petitioner's noncompliance with the original order, the Court issued an order on August 14, 2009, granting Petitioner an additional thirty days to comply. Petitioner was again instructed that his failure to comply would result in dismissal of the petition. In response to this Order, Petitioner filed a document captioned "Amended Application for a Writ of Habeas Corpus Under Title 28 U.S.C.S. § 2241(c)(3). Pursuant to Fed. R. Civ. P. 15(a)." Because this

document did not comply with the June 25, 2009 Order or the August 14, 2009 Order, the Court issued a subsequent Order on September 18, 2009 requesting compliance with the two previous orders. Petitioner thereafter filed a letter captioned "Due Process Of Law" on September 23, 2009. Like Petitioner's prior submissions, this document did not comply with the June 25, 2009, August 14, 2009, or September 18, 2009 Orders. Accordingly, the Court, by order dated October 13, 2009, extended Petitioner's deadline to comply with its orders one final time and warned, once again, that a failure to comply would result in dismissal.

Petitioner has now filed a letter captioned "Caution to the Court" in direct contravention of the Court's four previous orders. The document does not: (1) state that Petitioner wishes to withdraw the action, (2) confirm his desire to pursue this matter as a § 2255 motion and show cause why the petition is not time-barred, or (3) represent an amended pleading pursuant to § 2255. Thus, as of the date of this Order, Petitioner has failed to comply with any of the previous four orders issued by the Court.

Based on the facts before it, the Court finds that Petitioner's action must be dismissed as time-barred. Under 28 U.S.C. § 2255, a motion must be filed within one year from the date on which the judgment of conviction became final. Petitioner's conviction became final on June 13, 2006, however, he did not file his application for a writ of habeas corpus until April 22, 2009. As such, Petitioner's application for a writ of habeas corpus is untimely and shall be dismissed as time-barred.

In addition to being time-barred, Petitioner's action is also dismissed pursuant to Federal Rule of Civil Procedure 41(b), for Petitioner's continued failure to comply with this Court's orders. Specifically, after careful consideration of the five factors laid out in *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004), including the fact that Petitioner has never

complied with an order by this Court, the Court finds that dismissal is warranted for failure to prosecute under Rule 41(b). *See Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) ("A district court may, *sua sponte*, dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. 41(b).").

For the reasons stated above, the petition is denied. In addition, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253, and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Moreover, as Petitioner's claims lack any arguable basis in law or fact, permission to proceed *in forma pauperis* on appeal is also denied. 28 U.S.C. § 1915(e)(2); *see also In re Seimon*, 421 F.3d 167, 169 (2d Cir. 2005). The clerk of the court is respectfully directed to terminate the case.

SO ORDERED.

DATED:   October 27, 2009
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

A copy of this Order has been mailed to:

Elvis Mota
USM #: 53342-054
Federal Correctional Institution
P.O. Box 1000
Loretto, PA 15940